**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE ADELIO CRUZ-MENJIVAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01621-DB** |
| | § | |
| **MARKWAYNE MULLIN**, *et al.,* | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On June 11, 2026, Petitioner Jose Adelio Cruz-Menjivar filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 2. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 14.

Petitioner is a citizen of El Salvador who entered the United States in 2016. ECF No. 1 at 6. Upon arrival, Petitioner presented himself at the port of entry in Rio Grande City, Texas. *Id.* He was detained for approximately two days, then released. *Id.* Prior to his detention, Petitioner worked as a construction assistant in Amarillo, Texas. *Id.* He possessed both an employment authorization document and a social security number. *Id.* Petitioner has a limited criminal history consisting of a single DWI conviction from 2018, for which he served approximately one month in custody. *Id.* at 7. On August 16, 2022, an Immigration Judge ordered Petitioner removed from the United States. *Id.* Petitioner timely appealed and the appeal remains pending before the Board of Immigration Appeals ("BIA"). *Id.* It does not appear Petitioner was taken into immigration custody after he was ordered removed. *See generally id.*

On May 5, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") while on his way to work. *Id.* To date, Petitioner has not received a bond hearing before an immigration judge ("IJ"). *Id.* at 12. In his Petition, Petitioner asserts that his detention violates his due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 12–13.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). Yet, in their response, ECF No. 3, filed on June 22, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-*

*Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. As such, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), [1] **IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying,

---

[1] On July 2, 2026, a Fifth Circuit panel issued an opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, ECF No. 160 (5th Cir. July 2, 2026) wherein it held noncitizens like the named petitioners have due process rights and the "Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." The panel opinion was vacated on July 10, 2026, when the Fifth Circuit granted rehearing *en banc*. The opinion remains persuasive authority.

by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than July 20, 2026.**[2]

      **IT IS FURTHER ORDERED** that if Respondents choose to provide a bond hearing in lieu of release, Respondents **SHALL NOTIFY** Petitioner's habeas attorney, if any, of the hearing details at the earliest possible time within the confines of the deadlines set forth herein.

      **IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than July 22, 2026.**[3]

      **IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

---

[2] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

[3] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than July 23, 2026.**

**SIGNED** this **15th** day of **July 2026**.

                                          _____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**